IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Katina Carmell Brown, | C/A No.: 3:12-2961-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| SDH Education East, LLC, | |
| Defendant. | |

In this employment discrimination case, plaintiff Katina Carmell Brown ("Plaintiff") sues her employer, SDH Education East, LLC ("Defendant"), alleging discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

This matter comes before the court on the following motions: (1) Defendant's motion to dismiss[1] pursuant to Fed. R. Civ. P. 12(b)(6) [Entry #4]; and (2) Plaintiff's motion to amend the complaint [Entry #14]. The motion to dismiss is fully briefed [Entry #12, #13], as is the motion to amend [Entry #15, #16]. Plaintiff also filed supplemental documents in support of her motion to amend, to which Defendant has objected. [Entries #19–22].

---

[1] The motion to dismiss was originally filed by Sodexo; however, the court granted Plaintiff's motion to substitute defendant SDH Education East, LLC for Sodexo on May 29, 2013 [Entry #23]. Because Sodexo maintained from its first appearance that SDH Education East, LLC was the proper defendant and agreed to accept service on its behalf [Entry #4 at 1 n.1], the court treats the motion to dismiss as having been filed by SDH Education East, LLC.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive and the motion to amend is arguably dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss, with leave to Plaintiff to file an amended complaint. The undersigned further recommends that Plaintiff's motion to amend the complaint to add a retaliation claim be denied.

I.     Factual and Procedural Background

Defendant is in the foodservice business. Plaintiff alleges that she was hired by Defendant as a Supervisor II at the USC campus in Columbia, South Carolina. [Entry #1-2 at 5]. She contends that in approximately September 2009, Defendant hired a new manager, James Jones. *Id.* Plaintiff is African American and alleges that Mr. Jones used nicknames and racial slurs toward all black employees. *Id.* at 9. She further alleges that Mr. Jones removed her computer access and discontinued her paperwork responsibilities. *Id.* She claims that Mr. Jones' stated reason for taking away her paperwork was that he needed to learn how to do it himself, but that he later brought in a white female supervisor from another cafeteria to help with the paperwork and ultimately assigned the paperwork to a newly-hired white male student worker. *Id.* at 5, 7. Plaintiff contends that when she asked Mr. Jones why someone else was doing the paperwork, he told her there was a new program and he did not have time to train her. *Id.* at 7.

Plaintiff alleges that she also received a reclassification "that meant a demotion." *Id.* at 6. She states that the human resources manager informed her that the reclassification decision "was made upon what our managers said we could do." *Id.*

Plaintiff contends that in October 2009, Mr. Jones hired student manager Catlin Crosby and immediately trained her to do all of Plaintiff's job assignments, including punch edits and scheduling. *Id.* at 7. Plaintiff alleges that Mr. Jones told her she could not do the tasks because she was on the same payroll as the other employees. *Id.* at 8. Plaintiff claims this reason was false because she asserts that she was not on the same payroll, but that Ms. Crosby was on the same payroll as the other employees. *Id.* Plaintiff contends that she received a 1.8 on her annual evaluation and that Ms. Crosby received a 1.9, but that Ms. Crosby received a higher-percentage raise. *Id.* at 8–9.

Plaintiff alleges that Mr. Jones was replaced with Wanda Boney in March 2011. *Id.* at 9. She claims that Ms. Boney reinstated Plaintiff's computer access and that she has been doing her job assignments ever since. *Id.* She asserts that she was not allowed to do her job assignments under Mr. Jones because of her race. *Id.*

Plaintiff received her right-to-sue notice on June 13, 2012 [Entry #1-2 at 11], and timely filed this action in the South Carolina Court of Common Pleas. *Id.* at 2. Defendant removed the case to this court on October 12, 2012. [Entry #1].

II.     Discussion

    A.     Motion to Dismiss

        1.     Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

        2.     Analysis

Plaintiff's complaint alleges a single cause of action of racial discrimination. [Entry #1-2 at 5]. Although the complaint does not specifically reference Title VII, it appears that Plaintiff seeks to bring her case under Title VII because she filed a charge with the EEOC before filing suit. However, even if she intended to bring her claim under § 1981, the analysis under Title VII and under § 1981 is the same. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 n.7 (4th Cir. 2002).

To establish a prima facie case of race discrimination under Title VII, a plaintiff must prove: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly-situated

4

employees received more favorable treatment. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). The employer may then rebut the prima facie case by showing that there was a legitimate non-discriminatory reason for the adverse action, after which the burden shifts back to the plaintiff to show that those reasons are pretextual. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).

Defendant argues that Plaintiff has failed to establish that she suffered an adverse employment action. [Entry #4 at 4]. "A typical adverse employment action includes discharge, demotion, decrease in compensation, loss of job title or supervisory responsibility, reduced opportunities for promotion, or other conduct that had a significant detrimental effect." *Gurganus v. Beneficial N.C., Inc.*, 25 Fed. Appx. 110, 112 (4th Cir. 2001) (citing *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999)). An adverse employment action often has an economic effect; however, that is not a requirement. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). "Reassignment with significantly different responsibilities may also amount to tangible employment actions." *Id.*

Defendant contends that the actions Plaintiff complains of—a change in job duties, a reclassification of her job title, and a pay raise—are not adverse employment actions. *Id.* at 4–7. Plaintiff does not respond to Defendant's arguments other than to state that the duties that were taken away from her must have been supervisory because if they were not, she would not have access to and be doing them now. [Entry #12 at 2]. The undersigned finds Plaintiff's argument insufficient to demonstrate that the removed duties

were supervisory. A supervisor may have many duties, not all of which are supervisory in nature.

With regard to Plaintiff's alleged reclassification "that meant a demotion," she fails to offer any supporting facts, including her former and reclassified titles and job duties. Without more, the undersigned is unable to find that the reclassification amounted to an adverse employment action. *See James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (holding that "[t]he mere fact that a new job assignment is less appealing to the employee . . . does not constitute adverse employment action" and that a "reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some detrimental effect") (citing *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999)).

Finally, as to Plaintiff's claim that her pay raise amounted to a lower percentage raise than the raise given to a white employee, the undersigned concludes this allegation does not rise to the level of an adverse employment action. *See Lovell v. BBNT Solutions, LLC*, 295 F. Supp. 2d 611, 626 (E.D. Va. 2003) (finding that "[a]bsent a very large disparity between the raise given a claimant and the raises given to valid comparators, 'it is difficult to see how a raise in one's salary could constitute an *adverse* employment action'") (citations omitted (emphasis in original).

For the foregoing reasons, the undersigned recommends granting Defendant's motion to dismiss. If the court adopts this recommendation, it is recommended that Plaintiff be granted leave to file an amended complaint, if at all, within 15 days of the district judge's order on Defendant's motion. Plaintiff should also make specific

allegations as to a valid comparator to satisfy the fourth element of a prima facie claim of discrimination.

In her response brief, Plaintiff appears to assert for the first time a failure-to-promote claim. [Entry #12 at 1–2]. Because the claim was not set forth in Plaintiff's complaint, it is not the subject of Defendant's original motion to dismiss. In its reply brief, however, Defendant argues that the court should either dismiss the claim for failure to state a claim or, in the event the court interprets Plaintiff's allegations as a motion to amend, deny leave to amend on futility grounds. [Entry #13 at 4].

To prove a prima facie case of discriminatory failure to promote, Plaintiff must prove: (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for that position; and (4) the defendant rejected her application under circumstances that give rise to an inference of unlawful discrimination. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005) (citations omitted).

Plaintiff alleges that she was initially considered for a supervisor position in the Honor's Café, but was not given the position because Mr. Jones stated he needed her in her current position and that the client "decided that she wanted a fresh face and didn't want to promote from within." [Entry #12 at 1]. These allegations do not satisfy the fourth element of the prima facie case. Plaintiff has failed to allege any circumstances giving rise to an inference of unlawful discrimination and instead has provided a non-discriminatory reason for the decision not to promote her. Because Plaintiff did not allege a failure-to-promote claim in her complaint, the undersigned concludes that its

dismissal is unnecessary. However, in light of the recommendation that Plaintiff be permitted time to amend her discrimination claim, the undersigned also recommends that Plaintiff be permitted to include allegations regarding a failure-to-promote claim if she chooses to file an amended complaint as set forth above. In so recommending, the undersigned does not make any determinations as to issues of timeliness or exhaustion of a failure-to-promote claim.

  B. Motion to Amend

Plaintiff moves to amend her complaint to add a cause of action for retaliation.[2] [Entry #14 at 4]. Defendant opposes Plaintiff's motion to amend on the grounds that the amendment would be futile because the proposed retaliation claim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #15 at 1].

    1. Legal Standard

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See*

---

[2] The undersigned previously granted Plaintiff's motion to amend to the extent it sought to substitute SDH Education East, LLC for Sodexo. [Entry #23].

*e.g., United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).  A plaintiff fails to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6) when the complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

        2.     Analysis[3]

Defendant argues that permitting Plaintiff to amend her complaint to add a retaliation claim would be futile because she cannot demonstrate that the actions she complains of were materially adverse.  [Entry #15 at 2].  To state a prima facie case of Title VII retaliation, Plaintiff must show: (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action at the hands of her employer; and (3) that there existed a causal connection between the protected activity and the adverse action.

---

[3] The undersigned's analysis takes into consideration Plaintiff's motion to amend [Entry #14], Defendant's response [Entry #15], and Plaintiff's reply [Entry #16].  Plaintiff's supplemental briefing [Entry #19; Entry #21 (although styled as a supplement to Plaintiff's response to the motion to dismiss, the undersigned's review of the supplement reveals that it addresses Plaintiff's retaliation claim)] was submitted well after the court-established briefing deadlines.  Plaintiff neither sought leave of court to submit the additional briefing, nor provided any explanation for her delay in filing.  For these reasons, the undersigned recommends disregarding the supplemental briefing in its entirety.  *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (finding that while pro se litigants are entitled to some deference from courts, they are subject to the time requirements and respect for court orders as other litigants).  Furthermore, to the extent Plaintiff seeks to base her retaliation claim on incidents occurring after Plaintiff filed her motion to amend and about which she has an EEOC charge currently pending [Entry #19], the undersigned recommends a finding that the court does not have subject matter jurisdiction over the claim.  *See Flournoy v. S.C. Dept. of Employment and Workforce, Office of Gen. Counsel*, No. 7:12-3267, 2012 WL 6761893 (D.S.C. Dec. 11, 2012), adopted by 2013 WL 34449 (finding that where plaintiff had a pending administrative discrimination charge and had not yet received an answer to her charge, the court did not have subject matter jurisdiction over the claim) (citing *Jones v. Calvert Group Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

*Rhoads v. FDIC*, 257 F.3d 373 (4th Cir. 2001); *see also Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536 (4th Cir. 2003).

Here, Plaintiff engaged in protected activity by filing a charge of discrimination with the EEOC. At issue is whether she has established the second element of a prima facie claim of retaliation. The Supreme Court has clarified that a different and less strenuous standard is used to define adverse employment actions in the retaliation context, as opposed to other Title VII contexts: "[T]he anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Rwy. v. White*, 548 U.S. 53, 64 (2006). However, the anti-retaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 67. Thus, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (quotation marks and citations omitted).

Even under the heightened standard set forth in *Burlington Northern*, none of the incidents set forth in Plaintiff's motion or in the liberally-construed supporting documents rise to the level of materially adverse employment actions. Plaintiff alleges that she received lower performance evaluations and more write-ups since filing her EEOC charge [Entry #14 at 5]; however, "negative performance evaluations, reprimands or warnings, and counseling are alone insufficient to constitute materially adverse employment actions under the *Burlington* standard." *Benjamin v. BlueCross and*

*BlueShield of SC*, No. 3:08-3952, 2010 WL 2757233 (D.S.C. May 25, 2010), adopted in relevant part by 2010 WL 2757236.

Plaintiff also alleges that her supervisor embarrassed and belittled her in front of other employees. [Entry #14 at 5; Entry #14-2 at 2–3]. The undersigned finds that the alleged acts do not rise to the level of being materially adverse and notes that Title VII does not set forth "a general civility code for the American workplace." *Burlington*, 548 U.S. at 68. Furthermore, some of Plaintiff's alleged episodes of humiliation were also directed at other employees, thereby demonstrating that the behavior was not in retaliation for her EEOC charge. [Entry #14-2 at 3].

In support of her purported retaliation claim, Plaintiff additionally cites to two instances in which she claims her employment has been threatened. [Entry #14 at 5; Entry #14-2 at 2–3; Entry #14-6 at 7]. In both instances, however, she heard the alleged threat secondhand, and Defendant contends that neither statement could reasonably be characterized as a threat. [Entry #15 at 6]. In any event, there is no dispute that the threat was never carried out because Plaintiff is still employed by Defendant. Because the alleged threats of termination were never carried out, the undersigned finds that they were not materially adverse. *See Karges v. Charleston Cnty. Sheriff's Office*, No. 2:08-2163, 2010 WL 3270310, at *7 n.4 (D.S.C. Aug. 17, 2010).

Construing the attachments to Plaintiff's motion liberally, she also alleges other instances of retaliation, including receiving a less-desirable schedule than a co-worker [Entry #14-4 at 1]; hearing a supervisor make comments about being tired of lawyers and lawsuits [Entry #14-2 at 3]; being advised that she should not interfere with the discipline

11

of a co-worker if she wanted to keep her job [Entry #14-2 at 3]; being docked a day of pay after complaining that her supervisor was "nitpicking" her [Entry #14-2 at 3]; and hearing her supervisors discuss having someone else perform her paperwork duties, but not actually having the duties removed [Entry #14-4 at 2]. The undersigned recommends a finding that these incidents would not have dissuaded a reasonable worker from making or supporting a charge of discrimination. *See Burlington*, 548 U.S. at 68; *see also Parsons v. Wynne*, 221 Fed. Appx. 197, 199 (4th Cir. 2007) (finding a change in work schedule is not a materially adverse action); *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) (holding there must be a causal connection between the protected activity and the adverse action).

For these reasons, the undersigned recommends that Plaintiff's motion to amend the complaint to include a claim of retaliation be denied as futile.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss [Entry #4] be granted. However, Fourth Circuit precedent constrains the undersigned to recommend that the dismissal of Plaintiff's claims be without prejudice with leave to file an amended complaint within 15 days of the district court's order on Defendant's motion to dismiss. *See Ostrenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"). If Plaintiff fails to file an amended complaint within 15 days of the district court's order on the

motion to dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.

The undersigned further recommends that Plaintiff's motion to amend [Entry #14] the complaint to add a retaliation claim be denied.

IT IS SO RECOMMENDED.

May 30, 2013　　　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).