IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Katina Carmell Brown, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  C/A No.: 3:12-2961-TLW |
| | ) |
| SDH Education East LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Plaintiff, Katina Carmell Brown ("plaintiff"), proceeding *pro se*, filed this employment discrimination action on November 12, 2012 against her employer, SDH Education East LLC ("defendant"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on May 30, 2013 by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #25). In the Report, the Magistrate Judge outlined the issues presented by the defendant's Rule 12 motion to dismiss.

Plaintiff filed a motion seeking leave to amend her complaint in the above-captioned case on December 12, 2012. (Doc. #14). The defendant opposes plaintiff's motion to amend on the ground that the proposed amendment would be futile. (Doc. #15 at 1).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend the pleadings should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover,

1

the Fourth Circuit Court of Appeals has held that "[t]he law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).  Additionally, the Fourth Circuit has held that "delay alone is not sufficient reason to deny leave to amend.  The delay must be accompanied by prejudice, bad faith, or futility."  Johnson, 785 F.2d at 509–10.

After careful consideration and in light of the procedural status of this case, the Federal Rules of Civil Procedure, and related case law, this Court finds that plaintiff should have the opportunity to amend her complaint in the above-captioned case, including the ability to assert a cause of action for retaliation if she so chooses.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to amend the complaint (Doc. #14) be and is **GRANTED**.  The Court grants plaintiff leave to file an Amended Complaint in the above-captioned matter, complying with Federal Rule of Civil Procedure 8, within thirty (30) days of entry of this Order.

The Magistrate Judge has analyzed the relevant issues in the Report and Recommendation (Doc. #25).  The Magistrate Judge's does note in the Report and Recommendation Fourth Circuit precedent which allows the filing of an Amended Complaint. (Doc. #25 at 12).  In light of the noted opportunity for plaintiff to file an Amended Complaint, the defendant's motion to dismiss (Doc. #4) and the Report and Recommendation (Doc. #25) in the above-captioned case are hereby deemed **MOOT.**  This matter will proceed on plaintiff's Amended Complaint if plaintiff chooses to file one within thirty (30) days of entry of this Order.

If plaintiff fails to file an Amended Complaint in this matter within the thirty (30) day period, the Magistrate Judge is directed to notify the District Judge and to resubmit the original Report and Recommendation (Doc. #25) to the undersigned upon the expiration of the deadline.

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

July 12, 2013  
Columbia, South Carolina