IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Katina Carmell Brown, ) | C/A No.: 3:12-2961-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| SDH Education East, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment case, plaintiff Katina Carmell Brown ("Plaintiff") sues her employer, SDH Education East, LLC ("Defendant"), for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). This matter comes before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Entry #38]. The motion having been fully briefed [Entry #41, #42], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss.

I.     Factual and Procedural Background

Defendant is in the foodservice business. In her original complaint, Plaintiff alleged that she was hired by Defendant as a Supervisor II at the USC campus in

1

Columbia, South Carolina. [Entry #1-2 at 5]. She contended that in approximately September 2009, Defendant hired a new manager, James Jones. *Id.* Plaintiff is African American and alleged that Mr. Jones used nicknames and racial slurs toward all black employees. *Id.* at 9. She further alleged that Mr. Jones removed her computer access and discontinued her paperwork responsibilities. *Id.* She claimed that Mr. Jones's stated reason for discontinuing her paperwork responsibilities was that he needed to learn how to do it himself, but that he later brought in a white female supervisor from another cafeteria to help with the paperwork and ultimately assigned the paperwork to a newly-hired white male student worker. *Id.* at 5, 7. Plaintiff contended that when she asked Mr. Jones why someone else was doing the paperwork, he told her there was a new program and he did not have time to train her. *Id.* at 7.

Plaintiff alleged that she also received a reclassification "that meant a demotion." *Id.* at 6. She stated that the human resources manager informed her that the reclassification decision "was made upon what our managers said we could do." *Id.*

Plaintiff contended that in October 2009, Mr. Jones hired student manager Catlin Crosby and immediately trained her to do all of Plaintiff's job assignments, including punch edits and scheduling. *Id.* at 7. Plaintiff alleged that Mr. Jones told her she could not do the tasks because she was on the same payroll as the other employees. *Id.* at 8. Plaintiff claims this reason was false because she asserts that she was not on the same payroll, but that Ms. Crosby was on the same payroll as the other employees. *Id.* Plaintiff contended that she received a 1.8 on her annual evaluation and that Ms. Crosby received a 1.9, but that Ms. Crosby received a higher-percentage raise. *Id.* at 8–9.

2

Plaintiff alleged that Mr. Jones was replaced with Wanda Boney in March 2011. *Id.* at 9.  She claimed that Ms. Boney reinstated Plaintiff's computer access and that she has been doing her job assignments ever since.  *Id.*  She asserted that she was not allowed to do her job assignments under Mr. Jones because of her race.  *Id.*

Plaintiff received a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") on June 13, 2012 [Entry #1-2 at 11], and timely filed this action in the South Carolina Court of Common Pleas.  *Id.* at 2.  Defendant removed the case to this court on October 12, 2012.  [Entry #1].  Upon removal, Defendant filed a motion to dismiss [Entry #4], which was fully briefed [Entry #12, #13], and Plaintiff filed a motion to amend her complaint [Entry #14], which was fully briefed [Entry #15, #16]. The undersigned issued a Report and Recommendation ("Report") [Entry #25] on the motion to dismiss and motion to amend. By order filed July 12, 2013, the Honorable Terry L. Wooten, Chief Judge, granted Plaintiff leave to file an amended complaint and deemed moot Defendant's motion to dismiss.  The order indicated that the leave to Plaintiff to file an amended complaint required compliance with Fed. R. Civ. P. 8, which requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  [Entry #30 at 2].

On August 8, 2013, Plaintiff filed an amended complaint [Entry #34], which contained the following:

> (1) A six-page Pro Se Non-Prisoner Complaint form ("Amended Complaint") mostly reasserting the same events she identified as retaliatory in her Motion to Amend, but not mentioning any allegations regarding discrimination [Entry #34];

3

(2) A four-page exhibit presenting argument and allegations regarding her alleged loss of supervisory duties that are not mentioned in the Amended Complaint [Entry #34-1];

(3) A right-to-sue notice from the EEOC dated June 25, 2013 [Entry #34-2];

(4) Four pages of handwritten arguments regarding retaliation [Entry #34-3];

(5) 121 pages of documents she apparently submitted to the EEOC with an Intake Questionnaire on July 27, 2013 [Entry #34-4]; and

(6) 49 pages of documents styled "Original papers submitted to Common Pleas for discrimination" which include Plaintiff's original complaint [Entry #34-5, pp. 1–14] and 35 pages of additional documents that appear to have been filed with the South Carolina Court of Common Pleas on October 4, 2012, but for which no Certificate of Service was attached [Entry #34-5, pp. 15–49].

A review of the foregoing 186 pages reveals that Plaintiff has summarized her original allegations concerning discrimination and retaliation and presents the following three new allegations/arguments:

(1) Plaintiff has received two allegedly "unsatisfactory" evaluations, the last one resulting in her not receiving a raise [Entry #34 at 3];

(2) Plaintiff received a recent write-up that included a "threat of termination" [Entry #34 at 4, and attached at Entry#34-4 at 5]; and

(3) New arguments and allegations that scheduling and payroll editing are supervisory duties that were temporarily removed from her.

Defendant's motion seeks to dismiss the Amended Complaint with prejudice. [Entry #38].

II.  Discussion

    A.  Motion to Dismiss

        1.  Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for her, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

        2.  Analysis

            a.  Discrimination

Plaintiff's Amended Complaint does not state a claim for discrimination, nor does it even restate the factual background contained in the original complaint that formed the basis of her originally-insufficient claim.  In her Amended Complaint, Plaintiff states that she is filing a lawsuit against Defendant for "racial discrimination and employment retaliation. This is my amended complaint. I initially filed a lawsuit because I have been racial discriminated by my employer." [Entry #34 at 3]. Plaintiff then discusses her retaliation claim and concludes by stating "I hope I have correctly stated my claim for the

5

racial discrimination and retaliation as well as inserting a causal connection in order to prove the retaliation," *id.* at 4, and she requests an award of $1 million, *id.* at 5.

As recited in the prior Report, to establish a prima facie case of race discrimination under Title VII, a plaintiff must prove: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly-situated employees received more favorable treatment. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). The employer may then rebut the prima facie case by showing that there was a legitimate non-discriminatory reason for the adverse action, after which the burden shifts back to the plaintiff to show that those reasons are pretextual. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).

Plaintiff has failed to allege any of the foregoing elements in her Amended Complaint. It appears that Plaintiff understood that she was responsible for articulating the claims in her Amended Complaint anew, to wit, "[m]y amendment to me (Katina) was an order to refile my case to what I wished to sue for, therefore I filed as if it was the original (start) of my case." [Entry #41 at 1]. However, the Amended Complaint is devoid of any facts or legal allegations that the court can possibly interpret as constituting a discrimination claim. Instead, the Amended Complaint recites the bare, conclusory allegation that Plaintiff has been racially discriminated against by Defendant.

The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint

from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir.2001). Because the Amended Complaint contains no facts to support the legal conclusion that Plaintiff was discriminated against by Defendant, it fails to state a claim under Rule 12(b)(6).

To the extent Plaintiff intended to include a discrimination claim by attaching her original complaint that alleged a single cause of action of racial discrimination [Entry #1-2 at 5], the undersigned resubmits the analysis provided in the prior Report [Entry #25] recommending dismissal.

Defendant argues that Plaintiff has failed to establish that she suffered an adverse employment action. [Entry #4 at 4]. "A typical adverse employment action includes discharge, demotion, decrease in compensation, loss of job title or supervisory responsibility, reduced opportunities for promotion, or other conduct that had a significant detrimental effect." *Gurganus v. Beneficial N.C., Inc.*, 25 Fed. Appx. 110, 112 (4th Cir. 2001) (citing *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999)). An adverse employment action often has an economic effect; however, that is not a requirement. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). "Reassignment with significantly different responsibilities may also amount to tangible employment actions." *Id.*

Defendant contends that the actions Plaintiff complained of in her original complaint—a change in job duties, a reclassification of her job title, and a pay raise—are not adverse employment actions. *Id.* at 4–7. In reply to the motion to dismiss, Plaintiff

7

argues that she was discriminated against by her employer "by allowing someone under [her] to do supervisory duties that were removed unfairly and simply because they were a member of [her] employer's preferred race (Caucasian)." [Entry #41 at 2].

While Plaintiff does not reallege loss of supervisory duties in her Amended Complaint, the undersigned again finds Plaintiff's argument insufficient to demonstrate that the removed duties (i.e., related to "office paperwork," "punch edits," "scheduling," and "payroll," according to the original complaint) were supervisory. A supervisor may have many duties, not all of which are supervisory in nature.

To her Amended Complaint, Plaintiff has attached two pages from the "Sodexo Handbook Policy" that she contends show "scheduling and payroll editing etc. are a part of supervisors' duties." [Entry# 34-1 at 2]. These referenced pages do not support Plaintiff's contention. The handbook policy provides: "Substitutions [to the schedule] are to be made by *the managers only* or the supervisor *designated by the manager* to make such a change." *Id.* at 3 (emphasis added). The attachment makes clear that making changes to the schedule is a manager duty that can be delegated to supervisors as the manager sees fit. Therefore, assuming that Plaintiff's manager decided to delegate scheduling duties formerly assigned to Plaintiff to a "student manager," as Plaintiff alleged in her original complaint [Entry #1-1 at 7], then the manager acted in accordance with the handbook policy and did not strip Plaintiff of any supervisory duties. That is, the duty, though delegable, belonged to the manager, and not to Plaintiff.

For the foregoing reasons, the undersigned recommends granting Defendant's motion to dismiss Plaintiff's discrimination claim.

b.  Retaliation

Plaintiff's Amended Complaint does not state a claim for retaliation. In her Amended Complaint, Plaintiff states that she received a poor review resulting in no raise and a threat of termination. Neither allegation survives Rule 12(b)(6).

1.  Poor review resulting in no raise

Plaintiff alleges she "received two unsatisfactory evaluations; the last one was so bad it prohibited [me] from receiving an annual merit raise." [Entry #34 at 3]. While Plaintiff does not provide the dates of the referenced evaluations, she alleged in her original complaint that she had received one performance evaluation that resulted in her receiving a lower percentage raise than another employee. [Entry #1-1 at 8–9]. In support of her retaliation claim, Plaintiff now mentions having received a second unsatisfactory evaluation. [Entry #34 at 3]. It is not clear when the evaluation was given or whether Plaintiff has exhausted her administrative remedies regarding any claim related to the evaluation. Plaintiff has not demonstrated that she has yet received a Notice of Right to Sue, so it appears she has failed to exhaust her administrative remedies, leaving this court without jurisdiction over the claim.

Even if the court were to have jurisdiction over Plaintiff's claim based on allegations of an unsatisfactory evaluation resulting in no raise, she would still fail to state a claim for retaliation because she fails to allege a causal connection between any protected activity and her alleged adverse action (i.e., not receiving a raise). *See Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) (listing causal connection as one element needed to establish a *prima facie* case of retaliation). Plaintiff only alleges that "I didn't

9

have these issues before I filed the Complaint and the dates on the evidence proves the causal connection." [Entry #34 at 4]. However, Plaintiff, by her own pleadings, suggests that she indeed had "issues" prior to filing her initial charge, as evidenced by the allegations contained in her discrimination claim in her original complaint. Under such circumstances, the temporal proximity is insufficient to establish the but-for causation required in retaliation claims. "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened [motivating factor test]. This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *See Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2532–33 (2013).

Plaintiff appears to file charges of discrimination based on day-to-day workplace incidents with which she has disagreements. *Nassar*, however, requires more than temporal proximity to establish the required causal connection for retaliation claims. Even assuming temporal proximity, which is difficult to do considering Plaintiff has failed to identify the date of her evaluation, Plaintiff fails to state a claim for retaliation under Title VII. *See Verma v. Univ. of Penn.*, C/A No. 12-2799, 2013 WL 4010237, *4 (3d Cir. Aug. 7, 2013) (noting that where an employee has a history of employment issues predating protected activity, one that follows a protected activity is not actionable based on its temporal proximity alone); *see also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise") (internal

10

quotations omitted). Because Plaintiff filed suit alleging employment-related issues predating her filing of a charge of discrimination, she cannot proceed on her stated theory of retaliation that subsequent "issues" were causally connected to her protected activity.

### 2. An Unrealized Threat of Termination Is Not an Adverse Action

Plaintiff alleges that she received a recent write-up concerning her poor attendance that included a "threat of termination within it." [Entry #34 at 4]. She alleges that she was singled out for attendance discipline because she filed EEOC charges and this lawsuit. *Id.*

Even if Plaintiff's allegations are accepted as true, neither the write-up itself nor the alleged termination threat can form the basis of a retaliation claim because they are not materially adverse employment actions. *See Burlington Northern & Santa Fe Rwy. v. White,* 548 U.S. 53, 68 (2006) (holding that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination").

The undersigned incorporates by reference the analysis in the prior Report, that unrealized threats of termination are not actionable adverse actions. [Entry#25 at 10–11]. The same rationale applies here to Plaintiff's allegation of a warning regarding her possible termination for accumulated attendance points. Plaintiff does not dispute the absences that led to her written warning or any of the other attendance points listed.

11

Instead, she appears to suggest that Defendant is not applying its attendance policy equally to her.

To the extent that Plaintiff claims she is being retaliated against because of the statement on her write-up that "[a]ccumulation of an additional one (1) point between now and 2/20/14 will result in termination," the undersigned rejects the argument. [Entry #34-4 at 5]. A review of the write-up reveals that this statement explains to Plaintiff that she had reached termination-level points under the attendance policy, but that Defendant was giving her another chance.

Plaintiff's allegations concerning retaliation do not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft and Twombly, supra*.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss [Entry #38] be granted with prejudice, as the facts alleged by Plaintiff, with the benefit of a second chance to plead them, do not rise to the level of actionable discrimination or retaliation under Title VII.

IT IS SO RECOMMENDED.

December 13, 2013                                      Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).